UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN J. KOTYK,

      Plaintiff,                        CIVIL ACTION NO. 09-14604

      v.                                DISTRICT JUDGE ARTHUR J. TARNOW

FORD MOTOR COMPANY,          MAGISTRATE JUDGE MARK A. RANDON

      Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (DKT. NO. 43)**

Presently before the Court is Plaintiff Stephen J. Kotyk's ("Plaintiff") motion for attorney's fees and costs (Dkt. No. 43). The Court referred this motion to the undersigned for a report and recommendation (Dkt. No. 44). Defendant Ford Motor Company ("Ford") filed a response (Dkt. No. 46) to Plaintiff's motion and Plaintiff filed a reply (Dkt. No. 48). On September 20, 2011, the undersigned held a hearing on Plaintiff's motion.

For the reasons set forth below, it is **RECOMMENDED** that Plaintiff's motion for attorneys fees and costs be **DENIED**.

**I. ANALYSIS**

The following factors govern Plaintiff's motion for attorney's fees and costs:

(1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Shelby Cnty. Health Care Corp. v. S. Council of Indus. Workers Health and Welfare Trust Fund*, 203 F.3d 926, 936 (6th Cir. 2000) quoting *Secretary of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985). The parties agree that this is the correct standard to apply. Each of the five factors is discussed below:

With respect to the first factor – the degree of the opposing party's bad faith – Plaintiff acknowledges in his brief that the "actions of [Ford] do not necessarily constitute bad faith[.]" (Dkt. No. 43 at p. 3). However, Plaintiff goes on to argue that Ford's actions in denying Plaintiff's claim for continued LTD benefits "demonstrate significant finding [sic] of culpability on the part of [Ford]." *Id.* In support of his argument, Plaintiff focuses on the Court's finding that Ford's reliance upon the findings of an Independent Medical Examiner ("IME") who physically examined Plaintiff on two separate occasions, and a physician advisor who reviewed all of the medical documentation submitted by Plaintiff, was arbitrary and capricious. *Id.* at p. 4. Though the Court indeed found that it "appeared" Ford's physicians "cherry picked" Plaintiff's medical records to find information supporting the termination of Plaintiff's LTD benefits beyond December 4, 2006, the record also indicates that Plaintiff did not submit all of his relevant medical information to the IME. Thus, I find that this factor does not strongly weigh in Plaintiff's favor.

With respect to second factor – Ford's "ability to satisfy an award of attorney's fees" – Ford concedes that it is able to satisfy an award (Dkt. 46 at p. 5). However, the Sixth Circuit has held that although a defendant may "clearly possess the ability to pay, this factor alone should not be dispositive when examination of all other relevant factors indicates that fees

should not be awarded." *Tiemeyer v. Community Mut. Ins. Co.*, 8 F.3d 1094, 1102 (6th Cir. 1993) (quoting *Firestone Tire & Rubber Co. v. Neusser*, 810 F.2d 550, 557-58 (6th Cir. 1987)).

The third factor – the "deterrent effect of an award on other persons under similar circumstances" – does not weigh in Plaintiff's favor. Plaintiff relies upon cases which address an administrator's failure to seek a physical examination of the plaintiff (instead relying upon an insufficient file review and cursory opinions) (Dkt. No. 43 at p. 7). The facts in Plaintiff's cited cases are distinguishable from this case. Unlike the plaintiffs in the *Moon v. Unum Provident Corp.*, 461 F.3d 639 (6th Cir. 2006) and *Kufner v. Jefferson Pilot Financial Insurance Co.*, 2009 WL 1331089 (W.D. Mich., May 12, 2009), Plaintiff was physically examined on two separate occasions by an IME (*See* AR at 0033-6). After Plaintiff appealed the termination of his LTD benefits, Ford employed the assistance of a physician advisor to review Plaintiff's medical records to determine whether it had made the proper benefits decision. *Id.* at AR 0033-6, 0127-32. The record reflects that the physician advisor continuously requested and reviewed additional medical documentation from Plaintiff. *Id.* Though this Court ultimately found that the IME and physician advisor came to the wrong decision, the award of fees in this matter is unnecessary to have a "deterrent effect" on Ford or to achieve a correct decision in the future.

Plaintiff concedes that, with respect to the fourth factor, this case "would only result in conferring benefits upon himself, and that it is not an attempt to confer benefits upon all plan participants" (Dkt. 43 at p. 7).

Lastly, the fifth factor – the relative merits of the parties' positions – does not weigh heavily in Plaintiff's favor. Although Plaintiff's position prevailed, that fact alone cannot satisfy the fifth factor because it would necessarily be met in every case, since being a prevailing party is

a threshold requirement for being entitled to attorney fees.  I find that both parties' proffered positions had merit.  Although Ford's position was not sufficiently persuasive on the ultimate merits of this case, it certainly was not frivolous.

In sum, I find that all of the five factors – except for Ford's ability to pay – weigh against an award of attorney's fees.

## II.  CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's motion for attorney's fees and costs be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon<br>
MARK A. RANDON<br>
UNITED STATES MAGISTRATE JUDGE

Dated: September 27, 2011

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, September 27, 2011, electronically and by first class U. S. Mail.*

*s/Barbara M. Radke*<br>
*Judicial Assistant to*<br>
*Magistrate Judge Mark A. Randon*