UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN J. KOTYK,

    Plaintiff,

v.

FORD MOTOR COMPANY,

    Defendant.

                                        /

Case No. 09-14604

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE MARK A. RANDON

**ORDER REJECTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [50] AND GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS [43]**

Now before the Court is the Magistrate Judge's Report and Recommendation ("R&R") [50], entered July 25, 2011, recommending that Plaintiff's Motion for Attorney's Fees and Costs [43] be denied. On October 10, 2011, Plaintiff filed an objection [51] to the R&R. Defendant filed a response [52] to the objection on October 24, 2011, and on October 31, 2011, Plaintiff filed a reply [53].

**I. Standard of Review**

According to Fed. R. Civ. P. 54(D) and 72(b), this Court may refer a motion for attorney's fees to a magistrate judge as though the motion for attorney's fees was a dispositive pretrial matter. This Court reviews objections to a Magistrate Judge's R&R on dispositive motions *de novo*. *See* 28 U.S.C. § 636(b)(1)(C).

**II. Background**

This case concerns Defendant's denial of benefits to Plaintiff under Defendant's Salaried Disability Plan. On July 25, 2011, this Court issued an Order [40] granting Plaintiff's Motion for Summary Judgment and directing Defendant's plan administrator to award Plaintiff disability benefits retroactive to the date on which Plaintiff's benefits ceased. Specifically, this Court found that

Defendant had acted arbitrarily and capriciously in improperly rejecting Plaintiff's application for the Salaried Disability Plan by "cherry-picking" medical evidence to come to the desired conclusion that Plaintiff was not disabled. In addition, this Court found that remand to the plan administrator was inappropriate because Plaintiff was "clearly entitled" to benefits based on the medical evidence in the record, such that there were no material facts in dispute as to whether Plaintiff qualified as "disabled" under the auspices of Defendant's plan. Summary judgment for Plaintiff was granted.

Plaintiff subsequently filed a Motion for Attorney Fees and Costs [43] on August 8, 2011. This motion was referred to the Magistrate Judge, who issued an R&R recommending that Plaintiff's motion be denied.

**III. Analysis**

**A.     Factors in Considering an Award of Attorney's Fees**

Under 29 U.S.C. § 1132(g)(1) a district court is given wide discretion to allow reasonable attorney's fees and costs of action to either party. In an ERISA case such as this one, a district court must consider the following factors in deciding whether to award attorney's fees to a Plaintiff :

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sough to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Shelby Cnty. Health Care Corp. v. S. Council of Indus. Workers Health & Welfare Trust Fund*, 203 F.3d 926, 936 (6th Cir. 2000) (quoting *Schwartz v. Gregori*, 160 F.3d 1116, 1119 (6th Cir. 1998)).

Because no single factor is determinative in the district court's analysis, the court must consider each factor before exercising its discretion. *Schwartz*, 160 F.3d at 1119. With respect to factor (2), Defendant conceded that it was able to satisfy an award of attorney's fees. In addition, Plaintiff conceded that with respect to factor (4) the instant case would only confer benefits upon Plaintiff, and not upon plan participants as a whole. Thus, the Court need only consider factors (1), (3), and (5).

**Factor (1) - Degree of Opposing Party's Culpability or Bad Faith**

The Magistrate Judge reported that this factor did not weigh strongly in Plaintiff's favor.

In the R&R the Magistrate Judge acknowledges that this Court had made a factual finding that Defendant's physicians had "cherry-picked" Plaintiff's medical records and had simply ignored the substantial medical evidence that Plaintiff was, in fact, disabled. However, the Magistrate Judge discounted this finding because the record indicated that the Plaintiff did not "submit all of his relevant medical information" to the Independent Medical Examiner. The Magistrate Judge did not indicate which relevant information Plaintiff failed to submit to Defendant, nor Plaintiff's reasons for failing to submit said information. Similarly, Defendant's response does not indicate which specific information Plaintiff failed to submit to Defendant, though Defendant seeks to place the blame for any inconsistencies in the analysis of the Independent Medical Examiner on the alleged failure to provide information. Based on this argument, the Magistrate Judge reported that the question of culpability did not weigh in Plaintiff's favor.

As this Court stated in its order granting Plaintiff summary judgment, Defendant arbitrarily and capriciously denied Plaintiff benefits. This Court found that Defendant "selectively relied on portions of the record and failed to provide an adequate explanation for its denial of disability benefits. . . ." This Court found that Defendant cherry-picked medical evidence to arrive at a desired outcome,

3

namely, denial of benefits that were properly due to Plaintiff. Defendant's argument that Plaintiff failed to submit required medical information seems to be in reference to information that Plaintiff later submitted to Defendant, and which Defendant's physician reviewed prior to making a final recommendation regarding Plaintiff's disability.[1] The reason that Defendant's denial of benefits was arbitrary and capricious was because the physician who evaluated the file of Plaintiff failed to "rebut the contrary medical conclusions reached by" a doctor who regularly examined the Plaintiff, and failed to "even mention" evidence that undermined the evaluator's diagnosis. *Kalish v. Liberty Mutual/Liberty Life Assurance Co. of Bos.*, 419 F.3d 501, 510 (6th Cir. 2005).

Based upon this Court's findings that Plaintiff was wrongfully denied benefits and was denied said benefits because of improper medical review, the weight in terms of culpability is heavily in Plaintiff's favor.

**Factor (3) - Deterrent Effect of an Award**

The Magistrate Judge reported that an award of fees was "unnecessary to have a 'deterrent effect' on Ford or to achieve a correct decision in the future," and found that this factor did not weigh in Plaintiff's favor. Defendant argues that Plaintiff was properly physically examined by two Independent Medical Examiners, and dismisses Plaintiff's argument as relying on cases where no physical examination occurred. Essentially, Defendant argues that their actions were proper, and that therefore there is no future improper behavior to deter.

As is obvious from this Court's order granting Plaintiff summary judgment, Defendant's actions in this case were arbitrary and improper. The Court did not simply find that Defendant came

---

[1] Plaintiff, in his objection, states that the only material that Plaintiff did not provide as part of the original administrative record was Ford's own records from its separate disability retirement program, in which Ford's doctor had found Plaintiff to be disabled.

4

to the wrong decision, but that Defendant wrongly ignored relevant medical evidence and arrived at a decision to deny Plaintiff benefits only by selectively picking out portions of Plaintiff's medical records that supported Defendant's view. That Defendant continues to argue that their actions were, in fact, completely proper only serves to highlight the need to deter Defendant from engaging in precisely the same behavior when considering future claims for disability benefits.

The Court therefore finds that this factor weighs in Plaintiff's favor.

### Factor (5) - Relative Merits of the Parties' Positions

The Magistrate Judge reported that this factor did not weigh heavily in Plaintiff's favor. Defendant argues that simply prevailing on the merits cannot justify the award of attorney's fees, as prevailing on the merits is a factor met in every case where attorney's fees are requested by a plaintiff.

While Defendant's argument is correct, the Court notes that this is not a case where Defendant was found liable after a jury trial, or indeed, where the outcome was in doubt. This Court granted summary judgment to Plaintiff because there were no genuine issues of material fact with regard to whether Defendant had acted arbitrarily and capriciously in denying Plaintiff salaried disability benefits. Thus, the merits of Plaintiff's claim heavily outweighed the merits of Defendant's position.

The Court finds that this factor weighs in Plaintiff's favor.

### Attorney's Fees Warranted

In summary, four of the five factors to be considered by a district court (the relative culpability of the parties, defendant's ability to pay an award, the deterrent effects of an award, and the relative merits of the parties' positions) favor the Plaintiff. The only factor which does not favor the Plaintiff is that this case does not concern an award of benefits to all plan beneficiaries. The Court thus finds that an award of attorney's fees and costs to Plaintiff in this case is warranted.

**B.        Calculation of Proper Amount of Attorney's Fees**

Plaintiff, in his motion, requests costs of $470.70, and attorney fees of $350.00/hour for 77.1 hours of work, for a total attorney fee award of $26,985.00, and a total award of (inclusive of costs) of $27,455.70.  Plaintiff also requests an additional five (5) hours of work time to argue and file the motion for attorney's fees.  Plaintiff's counsel has 33 years of experience in civil litigation in state and federal court, and is a partner at a small (7-10 attorney) firm located in Oakland County.  Plaintiff contends that a rate of $350/hour is appropriate, and submits affidavits of two similarly experienced practitioners who opine that such a rate is reasonable.

Defendant contends that 7.2 hours of work should be subtracted from Plaintiff's hours because these hours concerned service of discovery upon Ford and a former co-Defendant.  Defendant cites *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609 (6th Cir. 1998) for the proposition that discovery is "both unwarranted and inappropriate" in an ERISA-governed matter, and that the district court may not consider any discovered material in such cases.  Defendant oversimplifies the holding in *Wilkins*.  While a district court is generally required to limit its review of a decision to the administrative record, a district court may consider, and discovery is permitted, of any evidence that addresses a lack of due process on the part of a plan administrator.  Defendant's contention that discovery is simply not permitted in ERISA cases is incorrect; moreover, Plaintiff indicates that the material sought through discovery was Ford's file on the Plaintiff, which would be relevant towards determining whether there were any procedural irregularities in Defendant's decision-making process.[2]  The Court finds that the 7.2 billed hours in pursuit of discovery are appropriate.

---

[2]This file was apparently later voluntarily provided to Plaintiff at a settlement conference.

6

In terms of the proper rate, Defendant contends that this Court should be governed by the values set out in the State Bar of Michigan's Economics of Law Practice Survey. The Court agrees that this source has frequently been used as a benchmark to determined the reasonableness of an hourly rate. Focusing on the length of Plaintiff's counsel's experience, size of the firm, and location of counsel's office, Defendant argues that the maximum rate counsel should be awarded is $260/hour. Plaintiff responds by noting a similar case where a lead attorney was awarded $375/hour, and another case where a petition was filed for hour fees as high as $600/hour. Plaintiff also notes that attorneys in the 75th and 95th percentile of various metrics can be awarded fees as high as $455/hour. Plaintiff's counsel does not allege specialized experience in the field of labor law or ERISA-related cases.

The Court finds that, when taken as a whole, Plaintiff's counsel's many years of experience in state and federal court and status as an equity partner/shareholder of a small (7-10 person) firm qualify counsel as in the 75th percentile of the various categories set out in the Survey. This leads to a benchmark range of between $233/hour[3] and $350/hour.[4] The Court finds that $350/hour is a reasonable rate for attorney's fees in this case. The Court also finds that the 82.1 hours billed by Plaintiff's counsel is reasonable. Thus, the Court finds that an award of $28,735.00 of attorney fees, and $470.70 of costs, for a total award of $29,205.70 for attorney's fees and costs, is reasonable in this case.

**IV. Conclusion**

The Court having reviewed the record in this case, the Report and Recommendation of the Magistrate Judge is hereby **REJECTED. IT IS ORDERED** that Plaintiff's Motion for Attorney Fees

---

[3]Based upon the size of Plaintiff's counsel's firm.

[4]Based upon Plaintiff's counsel's position as an equity partner.

and Costs is **GRANTED**.  Defendant will provide Plaintiff with a payment for $29, 205.70 by January 27, 2012.

**SO ORDERED.**

|  |  |
|---|---|
| Dated: December 27, 2011 | s/Arthur J. Tarnow<br>Arthur J. Tarnow<br>Senior United States District Judge |

_____

### CERTIFICATE OF SERVICE

I hereby certify on December 27, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 27, 2011: **None.**

s/Michael E. Lang
Deputy Clerk to
District Judge Arthur J. Tarnow
(313) 234-5182